**In the Matter of William F. SNYDER, Jr.**

**No. 279 S 75.**

Supreme Court of Indiana.

Nov. 20, 1981.

### ORDER IMPOSING DISCIPLINE

GIVAN, Chief Justice.

This cause is before the Court on a Conditional Agreement for Discipline, tendered by the Disciplinary Commission of the Supreme Court and the Respondent. The tendered agreement more fully appears in words and figures as follows, to-wit:

(H. I.)

Upon initial examination of this matter, this Court advised the parties that the agreed discipline was not acceptable and submitted to the parties a proposed alternative form of discipline. The Disciplinary Commission of the Supreme Court and the Respondent now have indicated that they will agree to the proposed alternative discipline.

Accordingly, this Court now finds that, under a prior order of this Court, the Respondent was suspended from the practice of law with the date for eligibility of reinstatement being February 1, 1979. Prior to the suspension from the practice of law, the Respondent on or about December 17, 1976, was retained by a female client to file and secure a dissolution of her marriage. Respondent was advised that this client intended to remarry as soon as the dissolution proceeding was finalized. Respondent advised his client that the proceeding had been filed and that on April 1, 1977, would be heard and finalized; Respondent further advised his client that she would not have to be present for the hearing. With an express assurance of Respondent that the dissolution was final, this client remarried on April 2, 1977. Thereafter, this client learned that the proceedings to dissolve her marriage were never commenced by Respondent, thereby requiring additional legal expense to correct the problems created by the second marriage.

In view of the above considerations, we now further find that Respondent neglected a legal matter entrusted to him, failed to seek the lawful objectives of his client, failed to carry out his contract of employment, and prejudiced or damaged his client during the course of the professional relationship, in violation of Disciplinary Rules 6–101(A)(3) and 7–101(A)(1), (2) and (3) of the *Code of Professional Responsibility*. By reason of our finding of misconduct, this Court now concludes that a two-year period of suspension, effective February 1, 1979, should be imposed. The parties have agreed to this sanction.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED by this Court, in accordance with the agreement reached by the parties, that the Respondent is suspended from the practice of law for a period of two years, but that this suspension shall be deemed to have commenced on February 1, 1979, the date Respondent under a prior order of this Court was eligible for reinstatement.

The Clerk of this Court is directed to give notice of this Order to the parties in this action and such persons who were advised of Respondent's initial suspension.

Costs of this proceeding are assessed against the Respondent.

All Justices concur.